**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GREGORY ANDERSON,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:11-CV-317-Y** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of

Title 28, United States Code, Section 636(b).  The Findings, Conclusions, and Recommendation

of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I.  STATEMENT OF THE CASE**

Plaintiff Gregory Anderson ("Anderson") filed this action pursuant to Sections 405(g)

and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the

Commissioner of Social Security ("Commissioner") denying his claim for supplemental security

income ("SSI") under Title II of the Social Security Act ("SSA").  Anderson applied for SSI on

August 26, 2008, alleging that his disability began on May 1, 2004.  (Tr. 68.)

After his application for SSI was denied initially and on reconsideration, Anderson

requested a hearing before an administrative law judge ("ALJ").  (Tr. 82–84.)  The ALJ held a

hearing on June 9, 2009, and issued an unfavorable decision on July 20, 2009.  (Tr. 8–17, 51–

67.)  On December 7, 2010, the Appeals Council granted Anderson's request for review and handed down another unfavorable decision on April 21, 2011. (Tr. 1, 110.)

## II. STANDARD OF REVIEW

SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq.*, of the SSA and numerous regulatory provisions. *See* 20 C.F.R. Pt. 416 (2012).  The SSA defines a "disability" as a "medically determinable physical or mental impairment" lasting at least twelve months that prevents the claimant from engaging in "any substantial gainful activity."  42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed.  20 C.F.R. § 416.920.  First, the claimant must not be presently working at any substantial gainful activity.  *Id.* § 416.920(a)(4)(i).  "Substantial gainful activity" is defined as work activity "that involves doing significant physical or mental activities . . . for pay or profit."  *Id.* § 416.972.  Second, the claimant must have an impairment or combination of impairments that is severe.  *Id.* § 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000).  Third, disability will be found if the impairment or combination of impairments meets or equals an impairment contained in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1.  20 C.F.R. § 416.920(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* § 416.920(e).  And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience.  *Id.* § 416.920(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999).

Before moving from the third to the fourth step of the inquiry, the Commissioner assesses the claimant's residual functional capacity ("RFC") to determine the most the claimant can still do notwithstanding his physical and mental limitations. 20 C.F.R. § 416.920(a)(4). The claimant's RFC is used at both the fourth and fifth steps of the sequential analysis. *Id.* At step four, the claimant's RFC is used to determine if the claimant can still do his past relevant work. *Id.* § 416.920(e). At step five, the claimant's RFC is used to determine whether the claimant can adjust to other work. *Id.* At steps one through four, the burden of proof rests upon the claimant to show that he is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988) (per curiam). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

### III.   ALJ DECISION

In his July 20, 2009 decision, the ALJ concluded that Anderson was not disabled within the meaning of the SSA. (Tr. 11–17.)  In making his determination, the ALJ proceeded to follow the five-step sequential evaluation process.  At the first step, the ALJ found that Anderson had not engaged in any substantial gainful activity since August 26, 2008—the date of Anderson's protective filing.  (Tr. 13.)  At the second step, the ALJ found that Anderson had lumbosacral pain and hypertension and that such conditions were severe inpairments under the SSA.  (Tr. 13.)  At the third step, the ALJ found that Anderson's impairments did not meet or equal in severity to an impairment contained in the Listing.  (Tr. 13.)  The ALJ then found that Anderson had the RFC to perform the full range of medium work as defined in 20 C.F.R. § 416.967(c).  (Tr. 13.)  Next, at the fourth step, the ALJ found that Anderson was capable of performing his past relevant work as a painter and a housekeeping cleaner and, therefore, had not been under a disability since the filing date.  (Tr. 16–17.)

On April 21, 2011, the Appeals Council issued its decision in which it concluded that Anderson had not performed any job at the substantial gainful activity level, so he did not have any past relevant work.  (Tr. 4–5.)  Nevertheless, the Appeals Council found that, based on Anderson's RFC and on his age, education, and work experience, Anderson was not disabled as defined by the SSA at any time through the date of the ALJ's decision.  (Tr. 5–6.)

### IV.  ISSUES

Anderson presents the following issues:

1.  Whether the ALJ failed to apply the appropriate standard in evaluating the severity of Anderson's impairments and failed to consider all of Anderson's impairments in the RFC analysis;

2.  Whether the ALJ properly rejected the opinion of a treating doctor; and

3. Whether the ALJ's credibility and RFC findings are supported by substantial evidence.

(Pl.'s Br. 2.)

## V. DISCUSSION

### A.   Fifth Circuit's Severity Standard

In his first issue, Anderson claims that the ALJ failed to use the required severity standard of *Stone v. Heckler*, 752 F.2d 1099, 1104–05 (5th Cir. 1985), in analyzing the severity of his impairments at step two.  To evaluate whether a claimant's medical condition qualifies as a "severe impairment" at step two of the analysis, the Commissioner has issued regulations that define a "severe impairment" as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."   20 C.F.R. § 404.1520(c); *cf. id.* § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").

The Fifth Circuit, however, has held that a literal application of that definition is inconsistent with the statutory language and legislative history of the SSA.  *See Stone*, 752 F.2d at 1104–05. Instead, the Fifth Circuit has established the following standard for determining whether a claimant's impairment is severe: An impairment is not severe only when it is a "slight abnormality" having "*such minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101 (emphasis added).  The *Stone* severity standard does not allow for *any* interference with work ability, not even minimal interference.  *See Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. 2009) ("*Stone* provides no allowance for a minimal interference on a claimant's ability to work.")

As to the issue of whether the ALJ applied the appropriate severity standard, a case will not be remanded simply because the ALJ did not use the "magic words"; however, remand is required when there is no indication that the ALJ applied the correct standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986); *see also McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 835 (N.D. Tex. 2008) (indicating that the Fifth Circuit's remand mandate in *Stone* left lower courts with no discretion to conduct harmless-error analysis to determine if remand was proper when the ALJ failed to apply the *Stone* severity standard). The ALJ's failure to apply the *Stone* standard is a legal error, not a procedural error, and the claim must be remanded for reconsideration unless the correct standard is used. *Stone*, 752 F.2d at 1106.

**B.     ALJ's Application of Severity Standard**

Citing the regulations and Social Security Rulings, the ALJ first stated in his opinion that an impairment is severe "if it significantly limits an individual's ability to perform basic work activities." (Tr. 12.)  The ALJ then stated that an impairment is not severe "when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." (Tr. 12.)  The ALJ then proceeded to follow the five-step procedure and analyzed the severity of Anderson's impairments at step two as follows:

> **2.   The claimant has the following severe impairments: lumbosacral pain and hypertension (20 CFR 416.920(c)).**
>
> According to *Stone v. Heckler*, 752 F2d. [sic] 1099 (5th Cir. 1985), the standard in determining whether the claimant's impairment is severe is: "An impairment can be considered as not severe only if it is a slight abnormality (having) such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." The above impairments have *more than a minimal effect* on the claimant's ability to perform basic work-related activities.

6

> The claimant's records showed a history of mild chronic bronchitis and chronic cigarette smoking (Exhibit B3F1-2). However, the claimant's records only showed a history of episodic infrequent exacerbations, which *would not have more [than] a minimal effect* on the claimant's ability to perform basic work-related activities.

(Tr. 13) (emphasis added). Anderson argues that the ALJ applied an incorrect severity standard in finding that his pulmonary impairments—bronchitis, COPD, and ventricular dysfunction— were not severe. (Pl.'s Br. 15.)

Here, the ALJ specifically cited *Stone* and correctly quoted its severity standard. However, in the very next sentence, the ALJ found Anderson's lumbosacral pain and hypertension to be severe because they had "more than a minimal effect" on Anderson's ability to work. The ALJ then found that Anderson's bronchitis "would not have more [than] a minimal effect" on Anderson's ability to work. (Tr. 13.) As stated above, the *Stone* severity standard does not allow for *any* interference with work ability, not even minimal interference. In this case, however, the ALJ's application of the severity standard appears to require at least a "minimal effect" on work ability before a severe impairment can be found. Therefore, even though the ALJ expressly quoted *Stone*, his simultaneous application of an incorrect standard creates ambiguity. *See Neal v. Comm'r of Soc. Sec. Admin.*, No. 3:09-CV-522-N, 2009 WL 3856662, at *1 (N.D. Tex. Nov. 16, 2009) (Godbey, J.) ("Even though citation to *Stone* may be an indication that the ALJ applied the correct standard of severity, nowhere does *Stone* state that the ALJ's citation to *Stone*, without more, conclusively demonstrates that he applied the correct standard.").

This ambiguity in the ALJ's step-two discussion, added to the ALJ's citation earlier in the decision to a regulatory definition of severity that the Fifth Circuit in *Stone* specifically rejected, renders the Court unable to determine whether the ALJ actually applied the correct

7

standard of severity in evaluating Anderson's impairments. For this reason, Anderson's claim

must be remanded. *See Stone*, 752 F.2d at 1106 ("Unless the correct standard is used, the claim

must be remanded to the [Commissioner] for reconsideration."); *see also Craaybeek v. Astrue*,

No. 7:10-CV-054-BK, 2011 WL 539132, at *6 (N.D. Tex. Feb. 7, 2011) (Toliver, Mag. J.)

("[T]he express recitation of a standard inconsistent with the *Stone* standard creates an

ambiguity[,] and this ambiguity regarding whether the correct legal standard was used must be

resolved at the administrative level."); *Johnson v. Astrue*, No. H-08-3658, 2010 WL 148411, at

*17 (S.D. Tex. Jan. 11, 2010) (holding that remand was required when the ALJ cited to *Stone* but

nonetheless applied an incorrect standard); *Neal*, 2009 WL 3856662, at *1 (Godbey, J.) (holding

that ambiguity as to whether proper legal standard was used in making a severity determination

must be resolved at the administrative level); *Brown v. Astrue*, No. 4:08-CV-155-A, 2009 WL

1402287, at *3–4 (N.D. Tex. May 18, 2009) (McBryde, J.) (same).

Courts in this district have repeatedly held that the application of an incorrect severity

standard does not comply with the standard set forth in *Stone*. *See, e.g., Scott v. Comm'r of Soc.

Sec. Admin.*, No. 3:11-CV-0152-BF, 2012 WL 1058120, at *7 (N.D. Tex. Mar. 29, 2012)

(Stickney, Mag. J.) ("An ALJ's referral to applicable social security regulations and rulings . . .

does not substitute as a proper construction of the *Stone* standard."); *Brown v. Astrue*, No. 3:11-

CV-0475-BD, 2012 WL 652034, at *3 (N.D. Tex. Feb. 29, 2012) (Kaplan, Mag. J.) ("The ALJ

did not cite to *Stone* or a case of similar import in addressing the severity standard, and stated

that an impairment was not severe 'when medical and other evidence establish only a slight

abnormality or a combination of slight abnormalities that would have no more than a minimal

effect on an individual's ability to work[,]' . . . thus suggesting that some interference with the

ability to work was permissible."); *Ramos v. Astrue*, No. 3:10-CV-1495-BD, 2011 WL 2469582,

at *3–4 (N.D. Tex. June 21, 2011) (Kaplan, Mag. J.); *Craaybeek v. Astrue*, No. 7:10-CV-054-BK, 2011 WL 539132, at *6 (N.D. Tex. Feb. 7, 2011) (Toliver, Mag. J.); *Charlton v. Astrue*, No. 3:10-CV-056-O, 2010 WL 3385002, at *7 (N.D. Tex. July 14, 2010) (Ramirez, Mag. J.), *adopted in* 2010 WL 3385000 (N.D. Tex. Aug. 26, 2010) (O'Connor, J.); *Roberson v. Astrue*, 3:10-CV-0240-BH, 2010 WL 3260177, at *10 (N.D. Tex. Aug. 17, 2010) (Ramirez, Mag. J.); *Tusken v. Astrue*, No. 4:08-CV-657-A, 2010 WL 2891076, at *8 (N.D. Tex. May 25, 2010) (Cureton, Mag. J.), *adopted in* 2010 WL 2891075 (N.D. Tex. July 20, 2010) (McBryde, J.); *Garcia v. Astrue*, No. 3:08-CV-1881-BD, 2010 WL 304241, at *3–4 (N.D. Tex. Jan. 26, 2010) (Kaplan, Mag. J.); *Ruby v. Astrue*, No. 3:08-CV-1012-B, 2009 WL 4858060, at *7–8 (N.D. Tex. Dec. 14, 2009) (Boyle, J.); *Scroggins v. Astrue*, 598 F. Supp. 2d at 805–07 (Lindsay, J.); *Sanders v. Astrue*, No. 3:07-CV-1827-G, 2008 WL 4211146, at *7 (N.D. Tex. Sept. 12, 2008) (Fish, J.).

Although not cited by the Commissioner, the Court recognizes that there is an unpublished Fifth Circuit opinion that, even though citing to *Stone*, appears to use a different severity standard than actually set forth in *Stone* in finding that the ALJ's decision applied the correct legal standard at step two. *See Brunson v. Astrue*, 387 F. App'x 459, 2010 WL 2802372, at *2–3 (5th Cir. July 16, 2010) ("An impairment is severe if it significantly limits an individual's physical or mental abilities to do basic work activities; it is not severe if it is a slight abnormality or combination of slight abnormalities that has no more than a minimal effect on the claimant's ability to do basic work activities."). In addition, the Court is aware of the unpublished Fifth Circuit opinion cited by the Commissioner, *LeBlanc v. Chater*, 83 F.3d 419, 1996 WL 197501 (5th Cir. 1996), that indicates that remanding a case for failure to apply the *Stone* severity standard would be a waste of judicial resources when evidence established that both the *Stone* standard and the standard set forth in the regulations were satisfied and the

outcome would remain the same. *See LeBlanc*, 1996 WL 197501, at *2; *see also Taylor v. Astrue*, No. 3-10-CV-1158-O-BD, 2011 WL 4091506, at *7 (N.D. Tex. June 27, 2011) (Kaplan, Mag. J.) (holding that, even without a citation to *Stone*, the ALJ's decision clearly applied the proper standard because the results of claimant's psychological evaluation were "entirely consistent" with a *Stone* finding of nonseverity and because there was "absolutely no evidence" that emotional distress rendered the claimant unable to work), *adopted in* 2011 WL 4091503 (N.D. Tex. Sept. 14, 2011) (O'Connor, J.), *aff'd*, No. 11-11085, 2012 WL 2526921 (5th Cir. June 28, 2012); *Henderson v. Astrue*, No. 3:10-CV-0589-D, 2011 WL 540286, at *9 (N.D. Tex. Feb. 15, 2011) (Fitzwater, C.J.) (relying on *LeBlanc* in finding that, under either severity standard, there was substantial evidence to support the ALJ's severe-impairment findings and, thus, the ALJ's decision should be affirmed as to this issue). The *LeBlanc* court explained that, when the result would not change and neither the court nor the parties would benefit from "chant[ing] the magical 'slight impairment' incantation," remand is imprudent. 1996 WL 197501, at *2. "On the other hand, if the record is not clear, or if there is any doubt whether the evidence can satisfy both standards, remand is appropriate and necessary." *Id.*

The Court questions the applicability of *Brunson* and *LeBlanc* based on the plain text of the severity standard set forth in *Stone*, 752 F.2d at 1101, and Fifth Circuit precedent mandating that a claim must be remanded if there is no indication that the ALJ applied the correct standard at step two. *See infra* note 6. Furthermore, the evidence relating to Anderson's pulmonary impairments is not so clearly one-sided that the Court could only conclude that the ALJ applied the correct severity standard and that the evidence could only require a finding of nonseverity under *Stone*. At step two, the ALJ found that Anderson's bronchitis was not severe. (Tr. 13.) There is evidence, however, that Anderson (1) was diagnosed with chronic bronchitis, COPD,

10

and left ventricular dysfunction (Tr. 197, 238, 242–43); (2) visited the emergency room with respiratory difficulties, including coughing until he vomited (Tr. 252); and (3) reported frequent coughing with shortness of breath, choking, and nausea (Tr. 197). Most significantly, the opinion of state agency consultant Robin Rosenstock, M.D. ("Dr. Rosenstock") assessed vocational limitations requiring Anderson to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and so forth—thus reflecting Dr. Rosenstock's opinion that Anderson's bronchitis had an effect on his ability to work. (Tr. 209.)

The Court recognizes that the ALJ, in assessing Anderson's RFC, found that Dr. Rosenstock's opinion that Anderson had an RFC for light work conflicted with the opinion of the examining consulting physician, Victor E. Battles, M.D. ("Dr. Battles") "regarding the nature and severity of [Anderson's] condition." (Tr. 16.) Stating that "the examining physician's opinion is considered more reliable," the ALJ relied on Dr. Battles' opinion to find that Anderson had an RFC for medium work. (Tr. 16.)

However, Dr. Battles' assessment is silent with regard to the issue of environmental limitations. It contains no comment on either the existence or nonexistence of any environmental limitations related to Anderson's bronchitis on Anderson's ability to work. Dr. Battles commented on the extent of Anderson's abilities to stand, lift, walk, sit, handle, hear, and speak, but he did not address whether Anderson could deal with exposure to airborne contaminants. Dr. Battles' assessment of Anderson's bronchitis was essentially the same as Dr. Rosenstock's. Dr. Battles stated that Anderson's history was "consistent with mild chronic bronchitis and episodic infrequent exacerbations" (Tr. 202), and Dr. Rosenstock stated that Anderson was diagnosed with a "history of mild chronic bronchitis with infrequent exacerbations" (Tr. 212). Therefore, it does not appear that Dr. Battles' opinion conflicted with

Dr. Rosenstock's opinion on the issue of environmental limitations relating to Anderson's bronchitis.

On the whole, the record is unclear as to whether Dr. Battles specifically considered the issue of environmental limitations and whether Dr. Battles' report actually conflicts with Dr. Rosenstock's opinion on this issue. Thus, the record contains no clear challenge to Dr. Rosenstock's opinion that Anderson's bronchitis imposed environmental limitations on his ability to work. Furthermore, because the two medical experts formed essentially the same assessment of Anderson's diagnosis of bronchitis, there is doubt as to whether Dr. Battles disagreed at all with Dr. Rosenstock's opinion on this particular issue.

Therefore, because the record contains this medical opinion evidence of environmental limitations, the ALJ's determination regarding severity may have been different had the correct standard been applied. The possible error at issue in this case is a severity determination at step two premised upon the ALJ's stated determination that Anderson's bronchitis "would not have *more than a minimal effect*" on Anderson's ability to work. (Tr. 13.) But Dr. Rosenstock opined in this case that Anderson's bronchitis imposed an environmental limitation (avoiding exposure to fumes, odors, dusts, gases, poor ventilation, and so forth), and the ALJ's decision did not address whether this limitation, evaluated under the proper severity standard, would not be expected to have *any* interference with Anderson's ability to work. *See Stone*, 752 F.2d at 1101; *Scroggins*, 598 F. Supp. 2d at 805. Because the record is not clear, and there is some question as to whether the evidence would support a finding of nonseverity under *Stone*, remand is "appropriate and necessary." *LeBlanc*, 1996 WL 197501, at *2.

The Court notes that there is a line of cases that is often cited in support of the argument that the failure to apply the proper severity standard requires remand only when the ALJ ends his

12

analysis at step two and finds that a claimant is not disabled because he does not have any severe impairments.[2] *See, e.g., Constancio v. Shalala*, 56 F.3d 1386, 1995 WL 337937, at *1–2 (5th Cir. 1995); *Lynch v. Shalala*, 19 F.3d 14, 1994 WL 93270, at *2–3 (5th Cir. 1994); *Reyes v. Sullivan*, 915 F.2d 151, 154 n.1 (5th Cir. 1990); *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir.

---

[2]The Court acknowledges that these cases have created confusion regarding this issue. However, the Court also questions whether most of these Fifth Circuit cases really support the proposition that the failure to apply the proper severity standard requires remand only when the ALJ ends his analysis at step two. In *Reyes, Harrell, Shipley,* and *Lopez,* the claimants do not appear to directly challenge whether the ALJ correctly applied the *Stone* standard of severity (as opposed to an incorrect standard). In *Jones,* the court's statement as to this issue was "in a brief footnote not central to the Court's analysis of the case." *Padalecki v. Astrue,* 688 F. Supp. 2d 576, 581 (W.D. Tex. 2010). In *Chaparro,* the Fifth Circuit rejected the claimant's argument that the ALJ had applied the wrong severity standard when he failed to cite to *Stone* because the petitioner had waived such issue when he failed to raise it before the district court. *See Chaparro,* 815 F.2d at 1011; *see also Padalecki,* 688 F. Supp. 2d at 581. Thus, any further statement by the *Chaparro* court regarding this issue could only be considered dicta.

Furthermore, the argument has been made in some Fifth Circuit cases that any alleged failure to apply the *Stone* standard was not reversible error under the following circumstances:

> [T]he reviewing court could infer that the ALJ found that the *impairments in question* were, in fact, severe such that the claimant was not prejudiced by any legal error in the application of the severity regulation. The reviewing court could properly draw this inference due to the fact that the ALJ considered the *impairments in question* at later stages of the five-step analysis, stages of the analysis that were premised on a finding, at the second step of the analysis, that the impairments were severe.

*Naquin v. Astrue,* No. 07-104-FJP-CN, 2008 WL 474206, at *3–4 (M.D. La. Feb. 14, 2008); *see also Scott v. Comm'r of Soc. Sec. Admin.,* No. 3:11-CV-0152-BF, 2012 WL 1058120, at *8 (N.D. Tex. Mar. 29, 2012) (Stickney, Mag. J.); *Gutierrez v. Astrue,* No. 3:11-CV-500-N, 2011 WL 5921514, at *7 (N.D. Tex. Nov. 23, 2011) (Toliver, Mag. J.) (stating that "the district court properly can draw [the] inference [that the ALJ found the impairment in question severe] where the ALJ considers the impairments in question at later stages of the five-step sequential analysis"), *adopted in* 2011 WL 6129600 (N.D. Tex. Dec. 9, 2011) (Godbey, J.); *Lederman v. Astrue,* 829 F. Supp. 2d 531, 539–40 (N.D. Tex. 2011) (Lynn, J.) (remanding for ALJ's failure to apply the correct severity standard because the ALJ did not find the impairment in question as severe at step two and failed to address it later on in the sequential analysis); *Jones v. Astrue,* 821 F. Supp. 2d 842, 849–51 (N.D. Tex. 2011) (Toliver, Mag. J.) (holding that the ALJ's failure to apply the correct legal standard under *Stone* at step two "is not grounds for reversal because the ALJ proceeded beyond step two in the sequential analysis in discussing [and analyzing] the[] impairments [in question]"); *Holman v. Astrue,* No. 2:06-CV-0238, 2009 WL 3047418, at *4 (N.D. Tex. Sept. 23, 2009) (Robinson, J.) ("In a multi-impairment case, proceeding past step two on impairments found to be severe, but not proceeding past step two on the impairment or impairments found not severe, does not cure any error which may have occurred."); *Odstrcil v. Astrue,* No. 1:08-CV-106-C, 2009 WL 3048369, at *5–6 (N.D. Tex. Sept. 24, 2009) (Lane, Mag. J.); *Bradshaw v. Astrue,* No. 1:07-CV-0150-C, 2008 WL 4387087, at *6 (N.D. Tex. Sept. 26, 2008) (Lane, Mag. J.). In other words, the failure to cite to *Stone* or recite the correct severity standard was not an error because, based on the ALJ's analysis beyond step two of the impairments in question, it was clear that the ALJ applied the correct legal standard. *Cf. Abernathy v. Astrue,* No. 7:11-CV-116-O, 2012 WL 2423106, at *4–8 (N.D. Tex. May 15, 2012) (Roach, Mag. J.) (holding that the ALJ's failure to cite *Stone* required remand as to the mental impairment in question because the ALJ did not properly evaluate it under the "special technique" of mental-impairment evaluations and did not consider any limitation arising from the mental impairment at any subsequent step in the analysis), *adopted in* 2012 WL 2458059 (N.D. Tex. June 27, 2012) (O'Connor, J.).

1988); *Jones v. Bowen*, 829 F.2d 524, 526 n.1 (5th Cir. 1987); *Chapparo v. Bowen*, 815 F.2d

1008, 1011 (5th Cir. 1987); *Shipley v. Secretary*, 812 F.2d 934, 935 (5th Cir. 1987); *Lopez v.

Bowen*, 806 F.2d 632, 634 n.1 (5th Cir. 1986).[3]   However, this argument has been rejected

multiple times in the Fifth Circuit and in this and other districts. *See, e.g., Loza v. Apfel*, 219

F.3d 378, 393 (5th Cir. 2000) (case adjudicated at step five);[4] *Ramos v. Astrue*, No. 3:10-CV-

1495-BD, 2011 WL 2469582, at *4 (N.D. Tex. June 21, 2011) (Kaplan, Mag. J.) ("The Fifth

Circuit has never held that *Stone* applies only to cases where the claimant is found not disabled at

Step 2. To the contrary, the failure to apply the correct severity standard has been held to be an

independent and sufficient reason to require remand in cases adjudicated beyond the second step

of the sequential evaluation analysis."); *Hutchins v. Astrue*, No. 3:10-CV-0077-BD, 2011 WL

1136246, at *4 (N.D. Tex. Mar. 25, 2011) (Kaplan, Mag. J.);   *Padalecki v. Astrue*, 688 F. Supp.

2d 576, 581 (W.D. Tex. 2010); *Luna v. Astrue*, No. 3:09-CV-1436-M-BH, 2010 WL 582151, at

*7 n.5 (N.D. Tex. Feb. 18, 2010) (Lynn, J.); *Charlton*, 2010 WL 3385002, at *7 (Ramirez, Mag.

J.), *adopted in* 2010 WL 3385000 (O'Connor, J.); *Grant v. Astrue*, No. 4:08-CV-455-Y, 2010

WL 26478, at *7 (N.D. Tex. Jan. 5, 2010) (Means, J.); *Neal*, 2009 WL 3856662, at *1 (Godbey,

---

[3]*See also Nicholson v. Massanari*, No. 00-31370, 254 F.3d 1082, 2001 WL 564157, at *1 (5th Cir. May 18,
2001) ("[T]he ALJ did not apply the wrong legal standard because the decision to deny [the claimant] benefits was
not based on a finding of non-severity."); *Musial v. Astrue*, No. 4:10-CV-280-A, 2011 WL 5346307, at *3–5 (N.D.
Tex. Nov. 3, 2011) (McBryde, J.); *Noble v. Astrue*, 813 F. Supp. 2d 843, 846–47, 851 (N.D. Tex. 2011) (McBryde,
J.); *Blessing-Martinez v. Astrue*, No. 4:09-CV-535-A, 2011 WL 1297550, at *2 (N.D. Tex. Apr. 5, 2011) (McBryde,
J.); *Stone v. Astrue*, No. 4:08-CV-598-A, 2010 WL 2164414, at *1–3 (N.D. Tex. May 27, 2010) (McBryde, J.);
*Knight v. Astrue*, No. 09-0409, 2010 WL 892872, at *3 (W.D. La. Mar. 11, 2010) ("[W]hen, as here, the ALJ's
analysis proceeds beyond Step Two of the sequential evaluation process, strict adherence to *Stone* and its
requirements is not required."); *Bradshaw v. Astrue*, No. 1:07-CV-0150-C, 2008 WL 4387087, at *5–6 (N.D. Tex.
Sept. 26, 2008) (Lane, Mag. J.) (stating that although *Stone* appears to require remand in any case in which the ALJ
fails to properly reference the *Stone* standard, the "court's subsequent rulings, however, have clarified the holding to
require remand only when the ALJ failed to reference the *Stone* standard and the case was adjudicated at step 2 of
the sequential evaluation process").

[4]"While this case had two holdings, one requiring remand for failure to apply the correct *Stone* standard at
step two and the other remanding for lack of substantial evidence, the holding regarding the *Stone* standard is not
diminished by this fact." *Padalecki*, 688 F. Supp. 2d at 581 n.7.

J.); *Vinning v. Astrue*, No. 4:08-CV-059-A, 2009 WL 920192, at *4 n.3 (N.D. Tex. Apr. 2, 2009) (McBryde, J.) ("Merely because the denial of benefits occurred later in the process [after step two] does not excuse the Commissioner's earlier error [in applying the *Stone* severity standard]."); *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008) (Godbey, J.) (noting that thorough analysis of evidence under erroneous severity standard does not cure the procedural defect in the ALJ's decision); *Key v. Astrue*, No. 3:06-CV-1087-N, 2007 WL 2781930, at *4 (N.D. Tex. Sept. 4, 2007) (Godbey, J.).[5]

Because the ALJ cited both the *Stone* severity standard and the incorrect regulatory definition of severity, as well as used an incorrect "more than a minimal effect" standard, it is impossible for the Court to determine whether the ALJ actually applied the correct severity standard in evaluating Anderson's impairments at step two. The ALJ did not discuss Anderson's claimed pulmonary impairments at any step after step two. Given the low bar for the establishment of a severe impairment under *Stone* and the fact that a failure to apply the *Stone* standard is a legal error, remand is required to allow the Commissioner to clarify that the *Stone* opinion was followed and to revisit whether other of Anderson's claimed impairments should have been included among his severe impairments at step two.[6]

---

[5]The undersigned recognizes that there are recent opinions in this district holding that, in essence, the failure to apply the proper severity standard does not require remand when the ALJ proceeds beyond step two in his analysis. *See, e.g., Jones v. Astrue*, No. 4:11-CV-053-A, 2012 WL 1085528, at *5–7 (N.D. Tex. Mar. 20, 2012) (McBryde, J.); *Lopez v. Astrue*, No. 4:10-CV-921-A, 2012 WL 1207393, at *8 (N.D. Tex. Mar. 8, 2012) (McBryde, J.); *Musial v. Astrue*, No. 4:10-CV-280-A, 2011 WL 5346307, at *3–5 (N.D. Tex. Nov. 3, 2011) (McBryde, J.); *Noble v. Astrue*, 813 F. Supp. 2d 843, 846–47, 851 (N.D. Tex. 2011) (McBryde, J.); *Blessing–Martinez v. Astrue*, No. 4:09-CV-535-A, 2011 WL 1297550, at *2 (N.D. Tex. Apr. 5, 2011) (McBryde, J.); *Stone v. Astrue*, No. 4:08-CV-598-A, 2010 WL 2164414, at *1–3 (N.D. Tex. May 27, 2010) (McBryde, J.). Nevertheless, the undersigned feels compelled to continue to recommend remand on this issue based on current Fifth Circuit precedent and the rulings of the majority of judges in this district as set forth herein.

[6]The Court notes that if the failure to apply the *Stone* standard were not a legal error and were subject to a harmless-error analysis, it might make sense, depending on the facts of a case, to conclude that remand would not be necessary in some cases. For example, here, the Commissioner argues that Anderson's failure to stop smoking militates against a finding of disability. (Def.'s Br. 8.) However, as stated above, the failure to apply the *Stone* standard is a legal error, not a procedural error, and published Fifth Circuit precedent **mandates** that the claim must

The Court will not consider at this time Anderson's argument that the ALJ erred by failing to find his pulmonary impairments severe because this argument will be affected on remand when the ALJ sets forth the proper severity standard. Further, because remand is required pursuant to the ALJ's legal error at step two, the Court will not consider the remaining issues for review. However, upon remand, the Commissioner should ensure that he properly considers such issues.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings consistent with these proposed findings of fact and conclusions of law.

---

be remanded to the Commissioner for reconsideration if there is no indication that the ALJ applied the correct standard. *See, e.g., Stone*, 752 F.2d at 1106. In addition, this is the position taken by most of the judges in the Northern District of Texas. *See Moran v. Comm'r of Soc. Sec. Admin.*, No. 3:11-CV-949-N, 2012 WL 2864520, at *7 (N.D. Tex. May 22, 2012) (Stickney, Mag. J.), *adopted in* 2012 WL 2864493 (N.D. Tex. July 12, 2012) (Lindsay, J.); *Green v. Astrue*, No. 3:11-CV-1705-L, 2012 WL 2464002, at *7 (N.D. Tex. June 6, 2012) (Stickney, Mag. J.), *adopted in* 2012 WL 2478310 (N.D. Tex. June 28, 2012) (Lindsay, J.); *Varela v. Astrue*, No. 4:11-CV-232-Y, 2012 WL 473761, at *5 (N.D. Tex. Jan. 4, 2012) (Cureton, Mag. J.), *adopted in* 2012 WL 473918 (N.D. Tex. Feb. 14, 2012) (Means, J.); *Hill v. Comm'r of Soc. Sec. Admin.*, No. 3:11-CV-617-N, 2011 WL 7145215, at *8–9 (N.D. Tex. Dec. 30, 2011) (Ramirez, Mag. J.), *adopted in* 2012 WL 369172 (N.D. Tex. Feb. 3, 2012) (Godbey, J.); *Adcock v. Astrue*, No. 3:10-CV-2257-BD, 2011 WL 5529555, at *4 (N.D. Tex. Nov. 14, 2011) (Kaplan, Mag. J.); *Bradshaw v. Astrue*, No. 3:11-CV-640-BH, 2011 WL 5525358, at *9 (N.D. Tex. Nov. 14, 2011) (Ramirez, Mag. J.); *Bownds v. Astrue*, No. 4:10-CV-942-Y, 2011 WL 4091507, at *4 n.2 (N.D. Tex. July 19, 2011) (Cureton, Mag. J.), *adopted in* 2011 WL 4101101 (N.D. Tex. Sept. 14, 2011) (Means, J.); *Craaybeek v. Astrue*, 2011 WL 539132, at *6 (Toliver, Mag. J.); *Lacy v. Astrue*, No. 3:10-CV-825-BH, 2010 WL 4275285, at *6 (N.D. Tex. Oct. 29, 2010) (Ramirez, Mag. J.); *Crotzer v. Astrue*, No. 3:09-CV-1998-L, 2010 WL 4877270, at *6–7 (N.D. Tex. Oct. 21, 2010) (Toliver, Mag. J.), *adopted in* 2010 WL 4883245 (N.D. Tex. Nov. 30, 2010) (Lindsay, J.); *Phillips v. Astrue*, No. 3:09-CV-2438-L, 2010 WL 4281984, at *6 (N.D. Tex. Sept. 21, 2010) (Toliver, Mag. J.), *adopted in* 2010 WL 4168622 (N.D. Tex. Oct. 18, 2010) (Lindsay, J.); *Charlton v. Astrue*, 2010 WL 3385002, at *7 (Ramirez, Mag. J.), *adopted in* 2010 WL 3385000 (O'Connor, J.); *Roberson v. Astrue*, 2010 WL 3260177, at *10 (Ramirez, Mag. J.); *Luna v. Astrue*, 2010 WL 582151, at *7 (Lynn, J.); *Garcia v. Astrue*, 2010 WL 304241, at *4 (Kaplan, Mag. J.); *Brown v. Astrue*, 2009 WL 1402287, at *4 (McBryde, J.) ("At a minimum, there is ambiguity in the ALJ's decision at Step Two that must be resolved at the administrative level."); *Ruby v. Astrue*, 2009 WL 4858060, at *8 (Boyle, J.); *Neal v. Comm'r of Soc. Sec. Admin.*, No. 3:09-CV-0522-N, 2009 WL 3837500, at *6 (N.D. Tex. Sept. 11, 2009) (Ramirez, Mag. J.), *adopted in* 2009 WL 3856662 (N.D. Tex. Nov. 16, 2009) (Godbey, J.); *Scroggins v. Astrue*, 598 F. Supp. 2d at 805–07 (Lindsay, J.); *Sanders v. Astrue*, 2008 WL 4211146, at *8 (Fish, J.). *But see Jones v. Astrue*, No. 4:11-CV-053-A, 2012 WL 1085528, at *5–7 (N.D. Tex. Mar. 20, 2012) (McBryde, J.).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## <u>ORDER</u>

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until August 21, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 7, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE